HEARD APRIL TERM, 1876.

## ORR *vs.* ORR.

Where the purchaser objects to the mode of proceeding, the Court, under rule to show cause, will not set aside, on the ground of fraud, a sale of real estate made by the Sheriff under decree for sale.

BEFORE COOKE, J., AT ANDERSON, FEBRUARY, 1876.

This case is sufficiently stated in the opinion of the Court.

*Harrison & Whitfield*, for appellants.

*Mc Gowan & Moore*, contra.

July 1, 1876. The opinion of the Court was delivered by

MOSES, C. J. Under a proceeding in the cases stated, on the 21st October, 1875, a tract of land, of which one James Orr died seized, was ordered by the Court to be sold on sale day in December following. It was offered by the Sheriff, and knocked down to J. M. Smith at the price of $1,650; the bid was transferred to his son, Jeptha P. Smith, who complied with the conditions of the sale and received a title. It appears that, before any deed was executed, a notice, of which the following is a copy, was served on the Sheriff:

" THE STATE OF SOUTH CAROLINA,

"ANDERSON COUNTY.

" W. W. ORR, ADMINISTRATOR,

" *vs.*

"GEORGIANA ORR, J. W. ORR, AND OTHERS.

"*Complaint to Marshal Assets, Sell Land, Relief, &c.*

" *To Sheriff* McGUKIN :

"You will take notice that the land sold under the proceedings in this case is claimed to be void, on account of fraud, and that application will be made to set aside the sale.

" McGOWAN & MOORE,

" Complainant's Attorneys.

" December 20, 1875."

On February 10, 1876, an order was passed by the Circuit Judge reciting the order for sale, and the fact that the land was bid off by J. M. Smith; that in affidavits filed it was alleged to have sold for less than its value by $1,500 in consequence of the biddings being chilled by combination entered into by the said J. M. Smith, which resulted in a large loss to the creditors of the estate of the said James Orr, deceased, and requiring the said J. M. Smith to show cause why the sale should not be set aside and another ordered. Affidavits were submitted both in support of the sale and against it. No rule or other proceeding seems to have been taken against Jeptha P. Smith, who held the deed for the land from the Sheriff, but among the affidavits presented to the Court below was one from him in which he affirms that he is the legal owner of the said land, and objects "that his title should be divested or clouded in the summary way proposed by this rule." The Court concluding "that there was not full and fair competition at the Sheriff's sale on account of an agreement by the said Smith to chill the sale and stifle competition, ordered and decreed that the sale be set aside and annulled, and that the Sheriff shall sell the premises at, &c., &c., &c., on the terms of the original order of sale, and that biddings be commenced by a bid of Mrs. L. J. Rankin for the sum of $2,800." From this order the said J. M. Smith and Jeptha P. Smith appeal and move its reversal.

In our view it is only necessary to notice so much of the grounds on which the motion rests as denies the power of the Court to deprive a citizen of his property by the summary mode of a rule to show cause.

The contract of sale had been executed, and a title to the land vested in the purchaser by the delivery of the Sheriff's deed. It could not be divested through a proceeding by a mere motion. The Constitution, by the 14th Section of the first Article, declares "that no person shall be arrested, imprisoned, despoiled or dispossessed of his property, immunities or privileges, put out of the protection of the law, exiled or deprived of his life, liberty or estate, but by the judgment of his peers or the law of the land." This prohibition, which but enforces "a rule of common right," is recognized in *Magna Charta* and prevails in the administration of the laws of every civilized government. "The law of the land" is not, in the sense of the Constitution, to be applied to every provision of the Legislature affording new remedies, enforcing new penalties, or

establishing new Courts for the redress of wrongs, but has reference
to those long recognized forms and usages, which, if not coeval with
our provincial legislation, certainly prevailed as a part of our judi-
cial system at the adoption of the State Constitution in 1790.
Except in "cases in chancery" and where it is waived in conformity
with the Code, a party cannot be deprived of his property except
through a trial by jury.    Indeed, so far as relates to real estate, he
can be disseized of it through no other legal form.    It is true that
if a title is assailed for fraud, or as having been procured by im-
proper or undue means, it may be set aside by a Court exercising
equitable jurisdiction, and this mode has prevailed in South Caro-
lina from the organization of its Chancery Courts.    There the
party has the benefit of a full and regular trial with all its accesso-
ries, not the least among them being his right not only to produce
his own witnesses, but of cross-examining those who are introduced
against him.

In *Hamilton* vs. *Hamilton*, (3 Rich. Eq.,) Chancellor Harper was
not satisfied with his authority to entertain the case in the form in
which it was presented, for at page 361 he says: "Being a complete
executory contract, I must seek for something which will authorize
me to set it aside, and it seemed to be agreed that the motion was
to be decided on the evidence before me, as if a bill had been filed
for that purpose."    In *Holmes* vs. *Holmes*, (3 Rich. Eq., 63,) Chan-
cellor Dunkin, delivering the opinion of the Court, said: "Upon
the question as to the proper mode of proceeding, the Court means
to conclude nothing at the present time.    My individual opinion is
that a proceeding by bill is the most proper mode to bring such
question as is here raised to a hearing.    Certainly if the question
as to the fairness of the sale is to be tried upon a rule against the
purchaser, (unless the facts can be agreed on, as in the case of
*Hamilton* vs. *Hamilton*,) the case must be tried and adjudged upon
the facts admitted in the answer to the rule.    The purchaser,
whether he claims under a deed executed or on an executory con-
tract that is complete, has rights which, in a disputed state of facts,
are not to be concluded by the affidavits of witnesses who have not
been subjected to the ordeal of a cross-examination."

The conclusion drawn by the counsel of the respondents from
the case of *Pope* vs. *Frazee*, (5 S. C., 269,) that no title vests in the
purchaser until confirmation of the sale, is not a legitimate inference
from the opinion accompanying the judgment.    The point there

ruled was that the confirmation of the report and the action of the parties interested, conforming to the report, barred the mortgagor, whose land had been sold under foreclosure, from maintaining an action to annul the sale because the Sheriff who made it was interested in the purchase. In the matter before us the sale has not been confirmed. It is not, therefore, necessary for us now to pass upon the effect of such an order when made, for the point does not arise in the cause.

It may not be out of place to remark that the order for the sale of the Orr land did contemplate the execution of a deed to the purchaser on his complying with the prescribed conditions and his investiture with whatever title such a bare instrument would convey. This is apparent from so much of the terms as required the purchaser to execute a mortgage for the credit portion of the bid, for to give effect to such an instrument he must at least have had the naked title.

We are not disposed to hold that the sufficiency and validity of a title should be decided on a mere motion to set it aside. Our investigation in that mode admits of the reception of testimony only by affidavits—precludes the Judge from the opportunity of any observation of the witnesses, and the respective parties from the benefit of a cross-examination. It is best and safest not to deviate from forms of proceeding which have heretofore been found fully adequate to the end in view and the best calculated to lead to a correct and just conclusion.

The motion to set aside the order is granted, without prejudice to any of the parties interested to resort to such course in regard to the subject matter as they may be advised.

*Wright,* A. J., and *Willard,* A. J., concurred.